United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30430
_____

LARRY DAVIS,

Plaintiff - Appellee,

v.

ESTIS WELL SERVICE, L.L.C.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
6:03-CV-1337

_____

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Estis Well Service appeals the judgment of the district court, which held Estis was liable for injuries to its employee, Larry Davis. Estis contends that the district court erred in several of its findings. As explained below, all of Estis's arguments fail.

The district court, after conducting a bench trial, found Estis liable under 33 U.S.C. § 905(b) (2000). In doing so, it found that Estis caused Davis's injuries by negligently operating

_____

[*]Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its vessel.  Estis argues that this was error under *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981), which outlines the duties vessel owners owe to longshoremen.  One such duty is to protect longshoremen from hazards in the vessel's control.  *Levene v. Pintail Enters.*, 943 F.2d 528, 533 n.6 (5th Cir. 1991).  Contrary to its assertion, Estis breached this duty by failing to safely position its vessel during the crane operation that caused Davis's injuries.  The position of the vessel was in Estis's control, and the position contributed to the accident.[1]  Therefore, the district court did not err in finding that Estis acted negligently.

Estis also challenges the district court's finding that Davis was injured in a work-related accident and its findings concerning damages.  We review factual findings for clear error,[2] *Theriot v. United States*, 245 F.3d 388, 394 (5th Cir. 1998), and find none here.  This is underscored by the fact that we give trial courts greater deference when, as here, they base their findings on credibility determinations.  *Schlesinger v. Herzog*, 2 F.3d 135, 139 (5th Cir. 1993).

AFFIRMED.

---

[1]Estis as barge owner, not as employer of longshoremen, had control over the position of the barge.  As such, Estis's actions are examined under the negligence standards for vessels.  *Levene*, 943 F.2d at 531.

[2]The only damages issues that Estis adequately briefed are purely factual.